NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2145
_____

RONALD P. BOYLES, JR.,

Appellant

v.

AMERICAN HERITAGE LIFE INSURANCE COMPANY, d/b/a ALLSTATE
BENEFITS, a/k/a ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK;
JEFFREY AZZATO; ST. MARYS INSURANCE AGENCY, INC.; UNUM LIFE
INSURANCE COMPANY OF AMERICA, a/k/a UNUM GROUP


On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No. 3-15-cv-00274
District Judge: The Honorable Kim R. Gibson

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 18, 2020

Before: SMITH, *Chief Judge*, CHAGARES, and PORTER, *Circuit Judges*

(Filed: June 19, 2020)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Chief Judge.*

After a series of back surgeries, Ronald P. Boyles, Jr. was left with lingering health issues that eventually ended his employment relationship with St. Marys Insurance Agency, Inc., and its president and co-owner, Jeffrey Azzato. Boyles tried to secure disability benefits under two group insurance policies sponsored at different times by St. Marys and issued by third-party insurers. The disability insurers denied his claims.

Boyles sued St. Marys, Azzato, and the disability insurers. In the only two counts at issue,[1] Boyles alleged that St. Marys and Azzato breached fiduciary duties owed to him under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001 *et seq.* The District Court granted summary judgment to those two remaining defendants.[2] *Boyles v. Am. Heritage Life Ins. Co.*, 383 F. Supp. 3d 470 (W.D. Pa. 2019). We affirm for substantially the reasons stated by the District Court in its thorough and well-reasoned opinion.

---

[1] To the extent Boyles preserved a third count, for *respondeat superior* liability against St. Marys, we need not reach it based on our disposition of the fiduciary duty claims.

[2] ERISA provided the District Court with jurisdiction. 29 U.S.C. § 1132(e)–(f); *Mushalla v. Teamsters Local No. 863 Pension Fund*, 300 F.3d 391, 395 (3d Cir. 2002). We have jurisdiction under 28 U.S.C. § 1291. Our review of the summary judgment decision is de novo. *Mushalla*, 300 F.3d at 395.